### No. 218

No. 18058—Michael Piascik v. Industrial Commission.  Error to the Court of Appeals of Cuyahoga county.

85.  APPEALS—Error proceedings allowed in Court of Appeals in cases appealed from Industrial Commission to Common Pleas Court.

MARSHALL, C. J.

1. Where the Industrial Commission denies the right of a claimant to compensation, and the claimant appeals in due course to the Common Pleas Court of the county under authority of Section 1465-90, General Code, and pleadings are filed, and the cause proceeds to verdict and judgment in that court, such judgment is subject to review upon error proceedings in the Court of Appeals by virtue of said section, which contains the following provision: "Einther party . . . shall have the right to prosecute error as in the ordinary civil cases," and also by virtue of the constitutional jurisdiction of the Court of Appeals as defined in Section 6, of Article IV of the Constitution.

2. In such error proceedings the Court of Appeals may consider all assignments of error which are proper grounds for new trial, including the weight of the evidence.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## WEEKLY ABSTRACT OF PENDING CASES

These cases have been filed in the Supreme Court, and most of them are for hearing there on motion to certify the record.  The references to The Abstract above each case direct the reader to the paragraph telling of the filing of the case, and give the character of the hearing.

These reports are published exclusively in The Abstract.

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 219

DAVID STEWART v. McEWEN and McEWEN No. 18376.  Error to Hamilton County Appeals

147.  BILLS AND NOTES—Usury law of another state upheld.

114.  ATTORNEY FEES—As part of judgment.

Published Only in Ohio Law Abstract

Motion for order to certify docketed in Supreme Court Feb. 8, 1924.

Grace McEwen and Howard McEwen executed two notes for $2,000 each, both being given at Baltimore, Md., one being dated Nov. 22, 1916, and the other Nov. 12, 1917, each payable at Baltimore, in two years from date, to David Stewart, Trustee.  Each contained a stipulation authorizing any attorney to confess judgment for the amount appearing to be due upon the note together with interest and $150 attorney fees in addition to the amount due and owing upon the note.

In a naction upon the notes in the Hamilton Common Pleas the evidence disclosed that one Frank Welch of Baltimore was a negotiator of loans, and David Stewart of the same city was the lender from whom the money for the loans was obtained.  That the McEwens obtained only $1440 on each loan of $2,000, the deduction representing $60 for interest, $250 retained by Stewart, and $250 paid to Welch for his services.

The law of Maryland was proven to be that all in excess of six per cent collected by a lender is usury and unlawful.  The Common Pleas found that the $250 retained on each note by Stewart was usury.  It was shown by the evidence that the laws of Maryland recognize as lawful, provisions in notes for payment of counsel fees.

Stewart claimed also that there should be assessed against the McEwen's $300 as counsel fees to be paid to his attorney and thus arises the question whether such fees may be allowed in a suit in Ohio, where such a local contract may not be enforced upon notes dated and made payable in Maryland, where tht law recognizes such provisions as legal.

The Court of Appeals held with the Common Pleas, that there was usury to the extent of $250 in each note, and that such contracts, though legal in Maryland, are against public policy and void in Ohio.  Rlating entirely to the remedy they must be administered according to the law of the place where the remedy is sougnt.

Attorneys—Theodore Horstman, Cincinnati, for McEwens.